UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                Case No.: 8:17-Cr-606-T-24JSS

**ANTHONY JOHAN MERO MERO**
_____ /

## SENTENCING MEMORANDUM

COMES NOW, the Defendant, ANTHONY MERO MERO, by and through his undersigned attorney, and hereby files this Sentencing Memorandum, in which he asks this Honorable Court to impose a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing, pursuant to 18 U.S.C. § 3553(a).  As grounds in support hereof, Mr. Mero Mero states:

### Background

*Background and Personal Characteristics*

He has never experienced a vacation. He began working when he was eleven (11) years old in order to help support his family, and he never stopped. He fished his entire life. Hard work has been his constant companion.

Mr. Mero Mero worked hard during a tumultuous upbringing. His father

was an alcoholic. When he drank he became abusive, constantly beating his mother in front of him. When he tried to intervene he was beaten. The older he got, the more his father would beat him when he drank. A single mother essentially raised him. His father beat him continually until he finally moved out to get away from him.

Mr. Mero Mero is only twenty years old. He has one child, a daughter, that he raises with her mother. Though the family was poor, they rented a room and were able to scrape by. Like many, life for the family changed dramatically when on April 16, 2016, Manta was rocked with an earthquake that had a moment magnitude of 7.8. There were over 300 fatalities in the towns of Manta and Portoviejo. /en.wikipedia.org/wiki/2016_Ecuador_earthquake. Most of their home was destroyed. Every 20 minutes for 40 days, they experienced aftershocks. Mr. Mero Mero had to wait three (3) months to get out on the water again because the waves were so high. Suddenly there was scarce food, electricity and running water. Those conditions remained unchanged when he decided to take the trip.

## The Trip

One of the effects of the earthquake was that the fish disappeared. Trip after trip, gone for 20 days at a time, bore no fruit. Right before the trip, the family was served with eviction papers. They had missed a rent payment on the room

they rented. Threatened with homelessness for his wife and daughter, Mr. Mero Mero grew desperate. His friend Jorge came to ask if he wanted to make some money. He explained that he was to go on a trip to deliver drugs but he was unable to make it. He asked Mr. Mero Mero would fill in, explaining that Jorge did a previous trip for $15,000. He told Mr. Mero Mero he would receive some money upfront and could stop the eviction. Mr. Mero Mero agreed to go.

Given the social and economic chaos in Ecuador, Mr. Mero Mero willingly boarded the boat hoping that he would later be able to stop the family's eviction. Mr. Mero Mero, along with two others, were recruited to transport the drugs. When the Coast Guard stopped the boat, he was steering. He claimed to be the master because he was given the GPS. He and another co-defendant who took turns driving. After one refueling stop the boat was intercepted. Mr. Mero Mero immediately admitted to his culpability when asked. He misses his family very much, and knows that they are suffering because of his poor choices.

## **Procedural History and Guideline Calculations**

Mr. Mero Mero is charged in the instant case with Conspiracy to Possess with the Intent to Distribute, and to Distribute, Five Kilograms or More of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C.

§ 960(b)(1)(B)(ii). On July 14, 2016 Mr. Mero Mero plead guilty pursuant to a written plea agreement, this Court accepted the plea and adjudicated him guilty, and the matter was set for sentencing. Doc. 46. The probation officer correctly calculated Mr. Mero Mero's advisory guideline range. With a total offense level of 35, and a criminal history category I, Mr. Mero Mero's guideline imprisonment range is 168 months – 210 months. PSR ¶63.

## Memorandum of Law

The defense would submit that an analysis of the 18 U.S.C. § 3553(a) factors support a finding that the advisory guideline imprisonment range in Mr. Mero Mero's case is greater than necessary to accomplish the purposes of sentencing and that a variance in Mr. Mero Mero's case would be appropriate.

**The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Mero Mero [18 U.S.C. § 3553(a)(1)].**

The history and characteristics of Mr. Mero Mero as well as the facts and circumstances of this case would justify a variance. Mr. Mero Mero has worked his entire life, beginning at the age of eleven. Despite his best efforts, his family slid deeper and deeper into poverty. But they were able to keep their head above water until the earthquakes. Despite his awful childhood, he worked to support his new family.

4

Mr. Mero Mero regrets making the decision to take the trip, but was motivated by the amount of money being offered, and his desire to help his family and parents. Unfortunately, the decision to help his family is ultimately what will keep him away from his family. Given the unique history and characteristics of Mr. Mero Mero, and the instant offense, a sentence lower than the recommended guideline imprisonment range would be justified.

**To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]**

Mr. Mero Mero understands the seriousness of his conduct and is remorseful for having committed this offense. Mr. Mero Mero accepts that he must be punished; however, he believes that his life and circumstances are factors this Court should consider in fashioning an adequate and just punishment. Mr. Mero Mero's lack of criminal history and his cooperation with law enforcement warrants a just and reasonable sentence below the recommended guideline range.

Mr. Mero Mero is already thinking about ways he can make a better life for himself and his family. If he is sentenced to a prison term in the Bureau of Prisons, he hopes to learn to speak and write English, and obtain vocational training to improve his chances of success once he is returned to his country.

For Mr. Mero Mero, the punitive purpose of sentencing would be served by a sentence of approximately seven to eight years. Following the incarceration with five years of supervised release will also act as a deterrent. Mr. Mero Mero longs to return to his family.

## Conclusion

WHEREFORE, the Defendant, ANTHONY MERO MERO, respectfully moves this Court, based upon consideration of the factors enumerated in 18 U.S.C. § 3553(a) as well as further grounds to be argued at sentencing, to impose a sentence "sufficient but not greater than necessary" to achieve the purposes of sentencing.

DATED this 11th day of May, 2018.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER
*/s/ Nicole Hardin*
Nicole Valdes Hardin
Florida Bar No.0026194
Assistant Federal Defender
400 North Tampa St, Suite 2700
Tampa, Florida 33602
Telephone: 813-228-2715
Fax:         813-228-2562
Email:   Nicole_Hardin@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of May, 2018, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to:

AUSA Gregory Nolan

*/s/ Nicole Hardin*
Nicole V. Hardin
Assistant Federal Defender